Electronically Filed by Superior Court of California, County of Orange, 01/02/2025 09:40:00 AM.
30-2024-01449502-CU-BC-CJC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By A. Wilcher, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ABC Legal Services, LLC; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Mike Baxter and Janelle Klein

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange County Superior Court<br><br>700 Civic Center Drive West, Santa Ana, CA | CASE NUMBER:<br>*(Número del Caso):* **30-2024-01449502-CU-BC-CJC**<br>**Assigned for All Purposes**<br>**Judge Sandy Leal** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matt Cortez, Esq., Matt Cortez Law, PC, 13252 Garden Grove Blvd, Ste 204 Garden Grove, California 92843 (714) 717-2016

| DATE:  01/02/2025 | Clerk, by | *Alexis Wilcher*  A. Wilcher | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

DAVID H. YAMASAKI, Clerk of the Court

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  ABC Legal Services, LLC

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)           ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):*  Corp. Code 17701.16, LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Matt Cortez SBN 344506, MATT CORTEZ LAW, PC<br>13252 Garden Grove Blvd Ste 204, Garden Grove, CA 92843 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (714) 717-2016    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS: service@mattcortezlaw.com<br>ATTORNEY FOR *(Name)*: Plaintiffs | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana
BRANCH NAME: Central Justice Center

CASE NAME:
Baxter v. ABC Legal, et al.

| **CIVIL CASE COVER SHEET**<br>[x] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | **Complex Case Designation**<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br><br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [x] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve      courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence      court
                            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify): 7*
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: December 24, 2024

Matt Cortez
_____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

Electronically Filed by Superior Court of California, County of Orange, 12/24/2024 08:00:00 AM.
30-2024-01449502-CU-BC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By M. Diaz, Deputy Clerk.

Matthew P. Cortez (SBN 344506)
MATT CORTEZ LAW, PC
13252 Garden Grove Blvd., Ste 204
Garden Grove, CA 92843
P: (714) 717-2016
E: service@mattcortezlaw.com

Attorneys for Plaintiffs

## SUPERIOR COURT OF STATE OF CALIFORNIA

## COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| MIKE BAXTER and JANELLE KLEIN,<br><br>Plaintiffs,<br><br>vs.<br><br>ABC LEGAL SERVICES, LLC; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO.: 30-2024-01449502-CU-BC-CJC<br><br>Assigned for all purposes:<br>Judge Sandy Leal<br><br>1. **NEGLIGENCE;**<br>2. **FRAUDULENT MISREPRESENTATION;**<br>3. **INTENTIONAL MISCONDUCT;**<br>4. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 (UNFAIR COMPETITION LAW);**<br>5. **ABUSE OF PROCESS;**<br>6. **BREACH OF CONTRACT; AND**<br>7. **VIOLATION OF PENAL CODES §§ 132, 134, 182**<br><br>**DEMAND FOR JURY TRIAL**<br>**[AMOUNT EXCEEDS $35,000]** |

Plaintiffs MIKE BAXTER and JANELLE KLEIN allege against Defendants, ABC

LEGAL SERVICES, LLC.; and DOES 1 through 25, inclusive, and each of them as follows:

## PARTIES

1.      Plaintiff MIKE BAXTER ("M. Baxter") is an individual residing in Los

Angeles, CA. At all relevant times, he has been a resident of the State of California.

2.      Plaintiff JANELLE KLEIN ("Klein") is an individual who at all relevant times

resides in Costa Rica, Central America.

3.      Defendant ABC LEGAL SERVICES, LLC is a limited liability company

organized under the laws of the State of Washington, with its principal place of business

-1-
**COMPLAINT**

1  located in Washington and conducting business in the State of California.

2      4.      Plaintiffs do not know the true names and capacities of Defendants DOES 1
3  through 25, inclusive, and therefore sues them by those fictitious names. Plaintiffs are
4  informed and believe and thereon allege that each of these DOE Defendants was in some
5  manner responsible for the events and happenings alleged in this Complaint and for Plaintiffs'
6  injuries and damages.

7      5.      Plaintiffs are informed and believe and thereon allege that at all times relevant
8  and herein mentioned, each of the Defendants were the agents and/or co-conspirators with
9  each of the remaining Defendants, and in acting or omitting to act as alleged herein were
10 acting or omitting to act within the scope of such agency and/or conspiracy with the
11 knowledge, permission, consent and/or approval of all Defendants, and each of them.

12                              **JURISDICTION AND VENUE**

13     6.      Personal jurisdiction over the Defendants is proper in this Court because the
14 Defendants conduct business in the State of California and specifically in Orange County,
15 where the alleged wrongful acts occurred. All acts giving rise to this Complaint took place in
16 Orange County, California.

17     7.      Pursuant to California Code of Civil Procedure §§ 395 and 395.5, venue is
18 proper in the Superior Court of Orange County because the wrongful acts alleged herein
19 occurred in Orange County.

20                              **FACTUAL ALLEGATIONS**

21     8.      Sometime after June 3, 2024, Mike Baxter ("M. Baxter") learned from his
22 brother Todd Baxter ("T. Baxter") that the tenant of T. Baxter's property found legal papers
23 left on the doorstep of the residence located at 21832 Empanada, Mission Viejo, CA 92691.
24 The lawsuit referenced in the papers was entitled *Citibank, N.A. v. Mike N. Baxter*, Case No.
25 30-2024-0139998. Recognizing the Baxter name, the tenant informed T. Baxter of the
26 discovery.

27     9.      M. Baxter has never resided at or been affiliated with the address where the
28 papers were left on the front door mat, 21832 Empanada, Mission Viejo, CA 92691. Upon

investigation, it was discovered that the process server made no further attempts to effectuate proper service at any other location associated with M. Baxter. If this attempt was considered substituted service, no papers were mailed to the address on Empanada, as required by California Code of Civil Procedure §415.20(b), or was any follow-up undertaken to ensure compliance with California law governing substituted service.

10.    Sometime after August 8, 2024, Klein learned from her 84-year-old mother about a distressing incident at her residence. Late one night, an individual pounded loudly on the door, causing significant fear for who could be at the door so late. In fact, Klein's mother, frightened by the incident, later installed a Ring security device, due to this incident.

11.    During the incident, the person said something muffled that included the word "papers." Without opening the door, Klein's mother instructed the individual to leave "whatever" on the doorstep.

12.    The "papers" left at the residence was not for any individual residing there but was directed at Janelle Klein, who resides in Costa Rica. The documents left pertained to a lawsuit titled *Bank of America, N.A. v. Janelle Klein*, Case No. 30-2024-01414023. No documents were mailed to the residence as required by California Code of Civil Procedure §415.20(b), or were any additional efforts made to properly serve Klein. By the time Klein became aware of the lawsuit, the law firm representing Bank of America, N.A. had already obtained her default judgment without mailing copies of any documents to the address where Defendant claimed service had been affected.

13.    Despite these failures, Defendant signed proofs of service in both cases, falsely claiming that service had been effectuated in compliance with California law. These misrepresentations deprived Plaintiffs of their opportunity to timely respond to the lawsuits and protect their legal rights.

14.    Upon information and belief, Defendant routinely fails to comply with California's service of process laws, including the requirements for substituted service under California Code of Civil Procedure §415.20(b). Defendant routinely leaves legal documents on doorsteps without completing the legally required step of mailing copies to the same

-3-
**COMPLAINT**

1   address. Defendant also fails to make reasonable follow-up efforts to ensure proper service.

2   This pattern of conduct renders service improper and invalid, causing significant harm to

3   individuals across California.

4        15.    In *Citibank, N.A. v. Mike N. Baxter*, Defendant falsely claimed that service was

5   properly effectuated at 21832 Empanada, Mission Viejo, CA 92691. Despite the statutory

6   requirement under California Code of Civil Procedure §415.20(b) to mail copies of the

7   documents to the address after leaving them, Defendant failed to do so. This omission

8   invalidates the claimed service and undermines the integrity of the legal process.

9        16.    As a direct result of Defendant's improper service, Plaintiffs were deprived of

10  their opportunity to timely respond to the lawsuits filed against them. This created significant

11  legal and financial burdens, including the increased risk of default judgments, unnecessary

12  legal expenses, and time spent investigating and challenging the defective service.

13       17.    Defendant's improper service also caused emotional distress to Plaintiffs and

14  their families. For example, the aggressive and unprofessional service methods used at

15  Klein's mother's residence caused the elderly woman significant fear and anxiety. The late-

16  night pounding on her door left her feeling unsafe in her own home, prompting her to install

17  a security device for protection. This distress was a direct consequence of Defendant's

18  reckless and unlawful practices.

19       18.    Upon information and belief, Defendant has implemented systemic practices

20  aimed at reducing costs by cutting corners in the service of process. These practices include

21  failing to comply with statutory mailing requirements, filing false proofs of service, and

22  omitting reasonable efforts to locate and serve defendants at appropriate addresses. This

23  pattern of misconduct allows Defendant to offer its services at lower rates than competitors

24  who comply with California law, giving Defendant an unfair competitive advantage in

25  violation of California Business and Professions Code §17200.

26       19.    Defendant's actions reflect a deliberate disregard for its legal obligations. Upon

27  information and belief, Defendant knowingly skips legally required steps, such as mailing

28  documents after leaving them on doorsteps, to save time and money. These practices

-4-
**COMPLAINT**

1  demonstrate intentional misconduct designed to maximize efficiency at the expense of
2  compliance with California law and the rights of those served.

### FIRST CAUSE OF ACTION

#### Negligence

#### (Against all Defendants)

6       20.     Plaintiff incorporates all preceding paragraphs as though set forth below.

7       21.     Defendant owed Plaintiffs a duty of care to properly effectuate service of
8  process in compliance with California law, including, but not limited to, California Code of
9  Civil Procedure §415.20(b). This duty is rooted in the legal requirement that all parties to
10 litigation receive proper notice of pending lawsuits to ensure the integrity of the judicial
11 process and protect individuals' rights to defend themselves in court.

12      22.     Defendant breached this duty of care by failing to comply with statutory
13 requirements for substituted service. Specifically, Defendant's process server left legal
14 documents on doorsteps without conducting reasonable diligence to locate Plaintiffs at their
15 actual residences. Additionally, Defendant failed to mail copies of the documents to the
16 corresponding addresses, a mandatory step under California Code of Civil Procedure
17 §415.20(b). This omission rendered the service invalid and unlawful.

18      23.     Defendant further breached its duty by preparing false proofs of service,
19 misrepresenting that proper service had been effectuated under California law. In *Citibank,*
20 *N.A. v. Mike N. Baxter*, Defendant falsely claimed that service was completed at 21832
21 Empanada, Mission Viejo, CA 92691, despite M. Baxter never living there and failing to
22 mail copies of the documents to that address. Similarly, in *Bank of America, N.A. v. Janelle*
23 *Klein*, Defendant left legal papers at the residence of Klein's elderly mother, despite Klein
24 residing in Costa Rica. No further attempts to properly serve Klein were made, and the
25 lawsuit ultimately proceeded to judgment against her.

26      24.     Defendant failed to make any follow-up attempts to ensure proper service,
27 despite knowing that the initial attempts were insufficient to satisfy statutory requirements.
28 Upon information and belief, this failure was not an isolated incident but part of a broader

-5-
**COMPLAINT**

1 │ pattern of misconduct by Defendant, designed to cut costs and maximize efficiency at the
2 │ expense of compliance with California law.

3 │     25.    As a direct and proximate result of Defendant's negligence, Plaintiffs were
4 │ deprived of their opportunity to timely respond to lawsuits filed against them. Plaintiffs were
5 │ forced to incur significant financial and emotional costs, including investigating and
6 │ challenging the improper service, addressing the risk of default judgments, and hiring legal
7 │ counsel to address the defective service. These damages were directly caused by Defendant's
8 │ failure to perform its duties with reasonable care.

9 │     26.    Defendant's negligent actions also caused emotional distress to Plaintiffs and
10 │ their family members. For example, the improper service at Klein's residence caused the
11 │ elderly woman significant fear and anxiety. The late-night pounding on her door left her
12 │ feeling unsafe in her home, requiring the installation of a Ring security device to restore her
13 │ peace of mind. Similarly, Klein suffered harm as she was unable to defend against a lawsuit
14 │ that ultimately resulted in a default judgment.  M. Baxter was forced to hire an attorney to
15 │ defend against the improper service.

16 │     27.    Defendant's negligence undermined Plaintiffs' fundamental legal rights and
17 │ caused significant harm. Plaintiffs seek damages for the financial losses, emotional distress,
18 │ and other harms they suffered as a result of Defendant's failure to comply with its legal
19 │ obligations.

20 │ **<u>SECOND CAUSE OF ACTION</u>**
21 │ **Fraudulent Misrepresentation**
22 │ **(Against all Defendants)**

23 │     28.    Plaintiff incorporates all preceding paragraphs as though set forth below.

24 │     29.    Defendant knowingly and intentionally made false representations in the proofs
25 │ of service filed in connection with the lawsuits against Plaintiffs, including *Citibank, N.A. v.*
26 │ *Mike N. Baxter*, Case No. 30-2024-0139998, and *Bank of America, N.A. v. Janelle Klein*,
27 │ Case No. 30-2024-01414023. Defendant falsely claimed that service had been properly
28 │ effectuated under California law.

-6-
**COMPLAINT**

30.    Specifically, Defendant falsely asserted in the proof of service for *Citibank, N.A. v. Mike N. Baxter* that service was properly completed at 21832 Empanada, Mission Viejo, CA 92691. However, Defendant failed to determine if M. Baxter was even residing at that location, and at a minimum, failed to mail copies of the legal documents to that address, a mandatory step under California Code of Civil Procedure §415.20(b). Similarly, in *Bank of America, N.A. v. Janelle Klein*, Defendant left legal documents at the residence of Klein's elderly mother. No documents were mailed to that residence, nor were any attempts made to serve Klein in Costa Rica, as required by law. Despite these failures, Defendant signed proofs of service falsely representing compliance with California law.

31.    Defendant knew these representations were false at the time they were made. Defendant and its agents were aware that leaving legal documents on doorsteps without mailing them or attempting service at addresses not associated with the named defendants, failed to satisfy the statutory requirements for substituted service under California Code of Civil Procedure §415.20(b). Despite this knowledge, Defendant submitted proofs of service falsely claiming proper service had been completed.

32.    Defendant made these false representations with the intent to induce reliance by the people hiring them and opposing parties. By creating the false appearance that Plaintiffs had been properly served, Defendant enabled opposing parties to proceed with their cases as if notice had been given, depriving Plaintiffs of their opportunity to respond to the lawsuits.

33.    Plaintiffs justifiably relied on the legal process to ensure that proper service would be effectuated in accordance with California law. Plaintiffs were unaware that Defendant had falsified the proofs of service and failed to meet statutory requirements. Klein, residing in Costa Rica, had no opportunity to defend against the lawsuit filed against her due to the false representations.

34.    As a direct and proximate result of Defendant's fraudulent misrepresentations, Plaintiffs suffered significant harm. Plaintiffs incurred financial and emotional damages, including the risk of default judgments, costs associated with investigating and challenging

-7-
**COMPLAINT**

1   the improper service, and legal expenses. Klein was unable to defend against the lawsuit filed

2   against her, which proceeded to judgment in her absence.

3         35.    Defendant's fraudulent conduct was intentional, willful, and carried out with a

4   conscious disregard for the rights of Plaintiffs. Plaintiffs are entitled to compensatory

5   damages for the harm caused by Defendant's actions, as well as punitive damages to deter

6   similar misconduct in the future.

7                             **THIRD CAUSE OF ACTION**

8                             **Intentional Misconduct**

9                           **(Against all Defendants)**

10         36.    Plaintiff incorporates all preceding paragraphs as though set forth below.

11         37.    Defendant engaged in intentional misconduct by willfully disregarding its legal

12   obligations under California law and knowingly signing false proofs of service in connection

13   with lawsuits against Plaintiffs, including *Citibank, N.A. v. Mike N. Baxter*, Case No. 30-

14   2024-0139998, and *Bank of America, N.A. v. Janelle Klein*, Case No. 30-2024-01414023.

15   Defendant's actions were deliberate, reckless, and intended to circumvent statutory

16   requirements for proper service.

17         38.    In *Citibank, N.A. v. Mike N. Baxter*, Defendant intentionally left legal

18   documents on the doorstep of 21832 Empanada, Mission Viejo, CA 92691, an address with

19   which M. Baxter has no affiliation, without conducting reasonable diligence to locate his

20   actual residence. Defendant also failed to mail copies of the documents to the address, as

21   required under California Code of Civil Procedure §415.20(b). Despite these failures,

22   Defendant knowingly signed a false proof of service asserting that service had been properly

23   effectuated.

24         39.    In *Bank of America, N.A. v. Janelle Klein*, Defendant intentionally left legal

25   documents at the residence of Klein's elderly mother. Defendant made no attempts to

26   properly serve Klein at her actual residence, nor did it comply with international service

27   requirements. Additionally, Defendant failed to mail copies of the documents to the address

28   where the papers were left, as required by California law. Defendant then knowingly signed

**COMPLAINT**

1  a false proof of service, falsely representing that proper service had been completed.

2      40.    Defendant's intentional misconduct reflects a systemic pattern of practices

3  designed to cut costs and increase efficiency at the expense of compliance with California

4  law. Upon information and belief, Defendant routinely skips legally required steps, such as

5  mailing documents after leaving them at a location and signing false proofs of service to

6  create the appearance of proper service. These actions demonstrate a conscious disregard for

7  the legal rights of individuals affected by improper service.

8      41.    As a direct and proximate result of Defendant's intentional misconduct,

9  Plaintiffs suffered significant harm. Plaintiffs incurred financial damages, including the costs

10  of investigating and challenging the improper service, addressing the risk of default

11  judgments, and hiring legal counsel to rectify the defective service. Plaintiffs also

12  experienced emotional harm, including distress caused by the uncertainty and risks resulting

13  from Defendant's actions. Additionally, Klein's elderly mother suffered significant fear and

14  anxiety due to Defendant's unprofessional and aggressive service methods, such as the late-

15  night pounding on her door.

16      42.    Defendant's actions were intentional, reckless, and carried out with malice and

17  oppression, justifying an award of punitive damages. Defendant's deliberate disregard for its

18  legal obligations undermines the integrity of the judicial process and has caused significant

19  harm to Plaintiffs and others similarly situated.

20      43.    Plaintiffs are entitled to compensatory damages for the financial and emotional

21  harm caused by Defendant's intentional misconduct, as well as punitive damages to deter

22  Defendant and other entities from engaging in similar practices in the future.

23                    **FOURTH CAUSE OF ACTION**

24          **Violation of California Business and Professions Code § 17200**

25                       **(Unfair Competition Law)**

26                        **(Against all Defendants)**

27      44.    Plaintiff incorporates all preceding paragraphs as though set forth below.

28      45.    Defendant engaged in unlawful, unfair, and fraudulent business practices in

-9-

**COMPLAINT**

1  violation of California Business and Professions Code §17200. Defendant's actions include

2  willfully disregarding California's service of process laws, signing false proofs of service,

3  and prioritizing cost-cutting measures over compliance with statutory requirements.

4      46.    Defendant engaged in unlawful business practices by violating California Code

5  of Civil Procedure §415.20(b), which requires that copies of documents left at an address for

6  substituted service also be mailed to that address. Defendant knowingly failed to mail the

7  documents in multiple instances, including in *Citibank, N.A. v. Mike N. Baxter*, Case No. 30-

8  2024-0139998, and *Bank of America, N.A. v. Janelle Klein*, Case No. 30-2024-01414023.

9  Defendant further violated California Penal Code §§ 132 and 134 by signing false proofs of

10  service, falsely asserting that proper service had been effectuated.

11      47.    Defendant engaged in unfair business practices by routinely failing to properly

12  serve legal documents, depriving individuals of their opportunity to respond to lawsuits in a

13  timely manner. These practices undermine the integrity of the judicial process and cause

14  significant harm to those subjected to improper service. Defendant's conduct provides it with

15  an unfair competitive advantage over competitors who comply with California law, enabling

16  Defendant to offer services at lower costs by cutting corners.

17      48.    Defendant engaged in fraudulent business practices by signing false proofs of

18  service with the court, creating the appearance that proper service had been effectuated when,

19  in fact, it had not. These misrepresentations misled courts, opposing parties, and others into

20  believing that Defendant had complied with its legal obligations, to the detriment of the

21  individuals improperly served.

22      49.    As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent

23  business practices, Plaintiffs suffered significant harm, including the risk of default

24  judgments, financial expenses incurred to challenge the improper service, and emotional

25  distress caused by the uncertainty and risks associated with Defendant's actions.

26      50.    Defendant's actions were intentional and systematic, reflecting a pattern of

27  misconduct that prioritizes speed and cost-cutting over compliance with California law.

28  Defendant's practices harmed Plaintiffs and others similarly situated by depriving them of

1  their legal rights and protections under California law.

2      51.    Plaintiffs seek restitution, injunctive relief to prevent Defendant from

3  continuing its unlawful practices, and any other relief the Court deems appropriate under

4  California Business and Professions Code §17203.

### FIFTH CAUSE OF ACTION

**Abuse of Process**

**(Against all Defendants)**

8      52.    Plaintiff incorporates all preceding paragraphs as though set forth below.

9      53.    Defendant engaged in the abuse of process by knowingly and improperly using

10  legal procedures to achieve an unlawful purpose. Specifically, Defendant knowingly signed

11  false proofs of service in connection with lawsuits against Plaintiffs, including *Citibank, N.A.*

12  *v. Mike N. Baxter*, Case No. 30-2024-0139998, and *Bank of America, N.A. v. Janelle Klein*,

13  Case No. 30-2024-01414023, to create the appearance of proper service when, in fact, no

14  valid service had occurred.

15      54.    Defendant's actions were not intended to properly effectuate service of process

16  as required under California law, but instead to enable opposing parties to proceed with

17  litigation without providing actual notice to Plaintiffs. By filing false proofs of service,

18  Defendant misused the legal process to deprive Plaintiffs of their legal right to be properly

19  notified and respond to the lawsuits filed against them.

20      55.    Defendant's abuse of process was willful, intentional, and designed to cut costs

21  by circumventing the legal requirements for valid service. Defendant's process servers failed

22  to conduct reasonable diligence to locate Plaintiffs' actual residences, left documents at

23  addresses not associated with Plaintiffs, and omitted the mandatory step of mailing copies of

24  the documents as required under California Code of Civil Procedure §415.20(b). Despite

25  these failures, Defendant signed proofs of service that falsely claimed compliance with

26  California law.

27      56.    As a direct and proximate result of Defendant's abuse of process, Plaintiffs

28  suffered significant harm, including financial damages from the cost of investigating and

1  challenging the improper service, emotional distress caused by the uncertainty and risks
2  associated with Defendant's actions, and the increased risk of default judgments in the
3  lawsuits filed against them.

4       57.     Defendant's intentional misuse of legal process undermined the integrity of the
5  judicial system, deprived Plaintiffs of their legal rights, and caused unnecessary financial and
6  emotional harm. Defendant's actions were carried out with conscious disregard for the legal
7  rights of those affected by its improper practices.

8       58.     Plaintiffs seek compensatory damages for the financial and emotional harm
9  caused by Defendant's abuse of process, as well as punitive damages to deter Defendant and
10  other entities from engaging in similar misconduct in the future.

11  <u>**SIXTH CAUSE OF ACTION**</u>

12  **Breach of Contract**

13  **(Against all Defendants)**

14       59.     Plaintiff incorporates all preceding paragraphs as though set forth below.

15       60.     Defendant entered into contracts with third parties, including in *Citibank, N.A.*
16  *v. Mike N. Baxter*, Case No. 30-2024-0139998, and *Bank of America, N.A. v. Janelle Klein*,
17  Case No. 30-2024-01414023, to provide professional process-serving services in compliance
18  with California law. Plaintiffs are intended beneficiaries of these contracts because the
19  service of process is a legal prerequisite to providing Plaintiffs notice of litigation and
20  ensuring their ability to respond.

21       61.     Defendant had an express and implied contractual obligation to effectuate
22  proper service of process in compliance with California law, including California Code of
23  Civil Procedure §415.20(b), and to accurately represent the service in proofs of service filed
24  with the court.

25       62.     Defendant breached these contractual obligations by failing to properly
26  effectuate service of process in both lawsuits. Specifically:

27       63.     In *Citibank, N.A. v. Mike N. Baxter*, Defendant left legal documents on the
28  doorstep of 21832 Empanada, Mission Viejo, CA 92691, an address with which M. Baxter

-12-
**COMPLAINT**

1 has no affiliation, and failed to mail copies of the documents to that address as required under
2 California law.

3      64.    In *Bank of America, N.A. v. Janelle Klein*, Defendant left legal documents at a
4 residence Klein has not lived at for over 20 years and failed to take any additional steps to
5 effectuate proper service.

6      65.    Defendant further breached its contractual obligations by knowingly signing
7 false proofs of service in both cases, falsely representing that proper service had been
8 completed when it had not. Defendant's actions violated the terms and purpose of the
9 contracts and caused significant harm to Plaintiffs.

10      66.    As a direct and proximate result of Defendant's breaches, Plaintiffs were
11 deprived of their right to timely respond to lawsuits, resulting in a default judgment against
12 Klein. Plaintiffs also incurred substantial attorney's fees, legal costs, and emotional distress
13 caused by the uncertainty, financial burdens, and reputational harm arising from Defendant's
14 improper service. Defendant's failure to comply with statutory and contractual requirements
15 directly caused these damages.

16      67.    Plaintiffs, as intended beneficiaries of the contracts, seek compensatory
17 damages for the harm caused by Defendant's breaches, as well as any other relief the Court
18 deems just and proper.

19                         **SEVENTH CAUSE OF ACTION**

20                **Violation of Penal Codes §§ 132, 134, and 182**

21                         **(Against all Defendants)**

22      68.    Plaintiff incorporates all preceding paragraphs as though set forth below.

23      69.    Defendant engaged in unlawful conduct by violating California Penal Codes
24 §§ 132, 134, and 182 in connection with its process-serving activities, specifically by
25 preparing and signing false proofs of service and conspiring to commit these unlawful acts.

26      70.    Under California Penal Code §132, it is unlawful to knowingly offer false
27 evidence in a legal proceeding. Defendant violated this provision by signing false proofs of
28 service in *Citibank, N.A. v. Mike N. Baxter*, Case No. 30-2024-0139998, and *Bank of*

-13-
**COMPLAINT**

1  *America, N.A. v. Janelle Klein*, Case No. 30-2024-01414023. These proofs of service falsely

2  claimed that proper service had been effectuated in compliance with California law when, in

3  fact, Defendant had failed to meet the statutory requirements for substituted service under

4  California Code of Civil Procedure §415.20(b).

5      71.    Under California Penal Code §134, it is unlawful to prepare false documents

6  with the intent that they be used fraudulently in a legal proceeding. Defendant violated this

7  provision by intentionally preparing false proofs of service to create the appearance of proper

8  service, despite knowing that no valid service had been completed. These false documents

9  were prepared with the intent to deceive the court and opposing parties into believing that

10 Plaintiffs had been properly served.

11     72.    Under California Penal Code §182, it is unlawful to conspire to commit any

12 crime. Upon information and belief, Defendant conspired with its agents and employees to

13 prepare and sign false proofs of service and to systematically circumvent California's service

14 of process laws. This conspiracy was intended to cut costs and increase efficiency while

15 evading legal requirements, directly harming Plaintiffs.

16     73.    Defendant's actions were willful, intentional, and carried out with knowledge

17 that they violated California law. The false proofs of service signed by Defendant were

18 offered and used as evidence in legal proceedings, resulting in harm to Plaintiffs, including

19 the deprivation of their right to respond to lawsuits in a timely manner.

20     74.    As a direct and proximate result of Defendant's unlawful actions, Plaintiffs

21 suffered significant harm, including financial damages related to the cost of investigating and

22 challenging the improper service, emotional distress caused by the uncertainty and risks

23 associated with Defendant's actions, and the increased risk of default judgments in the

24 lawsuits filed against them.

25     75.    Plaintiffs seek compensatory damages for the harm caused by Defendant's

26 violations of California Penal Codes §§ 132, 134, and 182, as well as any other relief the

27 Court deems just and proper.

28 ///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant as follows:

1.      For compensatory damages in an amount according to proof at trial, including but not limited to financial losses, emotional distress, and other harm caused by Defendant's wrongful conduct;

2.      For restitution of all amounts obtained by Defendant as a result of its unlawful, unfair, and fraudulent business practices, as allowed under California Business and Professions Code §17200;

3.      For punitive damages in an amount sufficient to punish Defendant for its intentional misconduct and to deter similar conduct in the future;

4.      For civil penalties and fines as permitted by law, including under California Business and Professions Code §17200 and related statutes;

5.      For injunctive relief prohibiting Defendant from engaging in further unlawful practices, including filing false proofs of service or failing to comply with California's service of process laws;

6.      For declaratory relief affirming that Defendant violated California law, including California Code of Civil Procedure §415.20(b), California Penal Codes §§ 132, 134, and 182, and other applicable statutes;

7.      For attorneys' fees and costs of suit incurred herein, as permitted by law;

8.      For prejudgment and postjudgment interest as allowed by law; and

9.      For such other and further relief as the Court deems just and proper.

///

///

///

## **DEMAND FOR JURY TRIAL**

    Plaintiffs hereby demand a trial by jury.

Dated: December 24, 2024            **MATT CORTEZ LAW, PC**

                                         Matthew P. Cortez, Esq.
                                         Attorneys for Plaintiffs

**COMPLAINT**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | *FOR COURT USE ONLY*<br><br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE* |
|---|---|
| PLAINTIFF: Mike Baxter et.al. | |
| DEFENDANT: ABC Legal Services, LLC | **Dec 31, 2024** |
| Short Title: BAXTER VS. ABC LEGAL SERVICES, LLC | Clerk of the Court<br>By: M. Diaz, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2024-01449502-CU-BC-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>06/03/2025</u> at <u>09:00:00 AM</u> in Department <u>C33</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

<u>**IMPORTANT:**</u> Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

<u>**IMPORTANTE:**</u> Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

<u>**QUAN TRỌNG:**</u> Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court, By: _____, Deputy

**NOTICE OF HEARING**

Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** BAXTER VS. ABC LEGAL SERVICES, LLC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: |
|---|---|
| | **30-2024-01449502-CU-BC-CJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u>, on <u>12/31/2024</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>01/02/2025</u>.

Clerk of the Court, by: _____, Deputy

MATT CORTEZ LAW, PC
13252 GARDEN GROVE BOULEVARD # 204
GARDEN GROVE, CA 92843

MATT CORTEZ LAW, PC
13252 GARDEN GROVE # 204
GARDEN GROVE, CA 92843

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

## BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

## DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.   ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

### TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May <u>Not</u> Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May <u>Not</u> Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.**  Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.**  Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.**  Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials.  Sometimes parties will try a combination of ADR types.  The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE).  For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session.  For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session.  Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:                          Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name):*                          Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
            ☐ Under section 1141.11 of the Code of Civil Procedure
            ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____     _____     _____
                                                  (SIGNATURE OF PLAINTIFF OR ATTORNEY)           (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____     _____     _____
                                                  (SIGNATURE OF DEFENDANT OR ATTORNEY)          (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                                    California Rules of Court, rule 3.221
L1270 (Rev. January 2010)